### DAVID W. WILSON vs. MOORE, WALDRON, et al.

1. Where, in a suit before a justice of the peace, a judgment is rendered against several defendants, and one of them is allowed to prosecute an appeal alone before the Court of Common Pleas, and on the trial of the appeal the judgment is reversed, as to all the defendants, this court will not issue a *mandamus* to compel the Court of Common Pleas to issue execution against the defendants who did not appeal.

2. If an action is brought against several, on a contract wherein all the defendants must be shown to be liable, and one of the defendants prosecutes an appeal, the party who was plaintiff below must prove his whole case, so far as to show the liability of all, or else the whole judgment will be reversed.

3. But in an action of tort it is different; there, on the trial of an appeal prosecuted by one defendant, if judgment is rendered in his favor, it does not affect the judgment below against the other defendants, and the judgment against the others remains in full force.

On motion for *mandamus*.

Argued before Justices OGDEN and HAINES.

HAINES, J. Wilson obtained judgment, in a court for the trial of small causes in Somerset, against Moore, Waldron and others, in an action on the case for trover and conversion.

Moore appealed, and, on the return of the papers to the Court of Common Pleas, a rule was taken upon the other defendants to show cause why Moore should not prosecute the appeal alone. No cause having been shown, the rule was made absolute, and Moore authorized to proceed without the other defendants.

On the trial before the Common Pleas the jury rendered a verdict in favor of Moore, and against Wilson; whereupon the court rendered judgment against Wilson, and in favor of all the defendants.

Wilson now moves a rule for a writ of *mandamus*, commanding the Court of Common Pleas to issue execution against the defendants who did not appeal, upon the ground that the whole record was removed, and that the

judgment against all, except Moore, remained unreversed and in full force.

If the judgment below was wholly reversed in the Court of Common Pleas, then there is no ground for this motion ; for there is no judgment in that court on which it can issue execution in favor of Wilson. If the reversal was erroneous, yet, being a judgment, it must so remain until corrected by that or some other court. If such was the judgment of the Court of Common Pleas, it was wrong.

The defendants who did not appeal, and who on rule declined to prosecute the appeal taken by Moore, were not before that court. They made no complaint, and it is to be presumed that they were not aggrieved by the judgment of the justice, but submitted to it.

The rules taken, in the nature and to the effect of a summons and severance, were proper ; and although less necessary on an appeal than on *certiorari* or writ of error, yet the practice has been sanctioned by the court, and seems to be proper. *Shepherd* v. *Fenton,* 4 *Halst.* 8. The reason for requiring summons and severance is, that every defendant might otherwise bring a separate writ of error, and by that means delay the plaintiff from having the benefit of his judgment, though it should have been affirmed once or oftener. 1 *Arch. Pl.* 210. But this cannot be on an appeal, where the party is required to make it to the next term of the Common Pleas after the rendition of the judgment.

Nevertheless the party appellee has a right to know whom he must meet on the trial. If the action is upon a contract, wherein all the defendants must be shown to be liable, the appellee, if he be plaintiff, must prove his whole case, so far as to show the liability of all, or else the whole judgment will be reversed. There the judgment is an entire thing, and the recovery must be against all or none.

An appeal is not in the nature of a writ of error, but of a new trial. And in an action of tort against several,

where one defendant may be found guilty, and another acquitted, the judgment cannot, in the same sense, be said to be entire; one may have judgment in his favor, and another against him. And if the defendant in such action appeal, and is permitted to prosecute alone, it is sufficient for the appellee to make out a cause of action against *him;* if he fail, the judgment, as to *that* defendant, is rendered. against the plaintiff; but the judgment against the others remains in full force. The party, by omitting to appeal, or to prosecute the appeal taken by a co-defendant, submits to the judgment, and is bound by it. He is not affected by the proceedings in the appellate court. Further than the delay of execution consequent on such proceeding, he is not benefited or injured. If he is to be affected by the appeal, he must take the burthen as well as the benefit. If he is to gain by a reversal, he is liable to be charged with an increase of the judgment. But it cannot be that one is to be prejudiced by a proceeding in which he is not a party, nor to be subjected to the increase of a judgment of which neither he nor his adversary complained.

· A proper and safe practice would be to try the appeal between the party who appeals and his adversary; if the judgment, as between them, is reversed, that which remains can be enforced by an action upon the original judgment, with proper averments of the subsequent proceedings.

The whole judgment here having been reversed, there is nothing in the Court of Common Pleas on which to issue an execution against the defendants. If the judgment is not wholly reversed, there is another mode of proceeding, and the motion for a *mandamus* must be denied.

OGDEN, J., concurred.